### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case Nos. 03-12872 (KJC) |
| | : | |
| | : | **Related Docket No. 3728** |
| Debtor. | : | |
| | : | |
| ———————————————— x | | |

## NOTICE OF APPEAL

An ad hoc group of creditors ("Ad Hoc Committee")[1] holding approximately

$339,912,000 face amount of the undisputed Class 7 Claims against the above-captioned former

debtor ("NorthWestern"), hereby appeals, pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr.

P. 8001(a), the Order Authorizing and Approving Amended Global Settlement Agreement by

and Among Northwestern Corporation, Clark Fork and Blackfoot, LLC, Magten Asset

Management Corporation, Law Debenture Trust Company of New York, The Plan Committee,

Paul, Hastings, Janofsky & Walker LLP, The Bank of New York, Michael Hanson and Ernie

Kindt (the "Order") [Docket No. 3728], entered on the docket by this Court on July 14, 2008,

and attached hereto as Exhibit A.

The names of all parties to the Order appealed from and the names, addresses and

telephone numbers of their respective attorneys are as follows:

---

[1] The Ad Hoc Committee consists of: (i) Basso Capital Management; (ii) Bond Street Capital, LLC; (iii) Willow Fund, LLC; (iv) Franklin Mutual Advisers, LLC; (v) FrontPoint Partners; and (vi) Stonehill Capital Management LLC.

## Attorneys for the Ad Hoc Committee

Philip Bentley, Esq.
Matthew J. Williams, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

Adam G. Landis, Esq.
Landis, Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801
(302) 467-4400

## Attorneys for the Plan Committee

Alan W. Kornberg, Esq.
Kelley A. Cornish, Esq.
Margaret A. Phillips, Esq.
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, New York  10019
(212) 373-3000

Charlene D. Davis, Esq.
Bayard, P.A.
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
(302) 655-5000

## Attorneys for the NorthWestern Corporation and Clark Fork and Blackfoot, LLC

Steven J. Reisman, Esq.
Jerrold L. Bregman, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000

Victoria Watson Counihan, Esq.
Dennis Meloro, Esq.
Greenberg Traurig LLP
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

## Attorneys for Magten Asset Management Corporation

Brad Eric Scheler, Esq.
Gary L. Kaplan, Esq.
Fried, Frank, Harris, Shriver
& Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

Dale R. Dubé, Esq.
David W. Carickhoff, Jr., Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

### Attorneys for Bank of New York

Keith M. Bialo, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway
New York, NY 10271
(212) 238-3000

### Attorneys for Paul, Hastings, Janofsky & Walker LLP

Paul Spagnoletti, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Robert Dehney, Esq.
Curtis Miller, Esq.
Morris Nichols Arsht & Tunnell LLP
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

### Attorneys for Michael J. Hanson and Ernie J. Kindt

Stanley T. Kaleczyc, Esq.
Kimberly A. Beatty, Esq.
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, MT 59624
(406) 443-6820

Denise Seastone Kraft, Esq.
Edwards, Angell, Palmer & Dodge LLP
919 N. Market Street
15th Floor
Wilmington, DE 19801
(302) 777-7770

### Attorneys for Law Debenture Trust Company of New York

John V. Snellings, Esq.
Amanda D. Darwin, Esq.
Nixon & Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Kathleen M. Miller, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
Wilmington, DE 19801
(302) 652-8400

Dated: July 23, 2008

LANDIS RATH & COBB LLP

_____

Adam G. Landis (No. 3407)
Rebecca L. Butcher (No. 3816)
919 Market Street, Suite 600
Wilmington, Delaware 19801
(302) 467-4400 (Telephone)
(302) 467-4450 (Facsimile)

-and-

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Matthew J. Williams
919 Third Avenue
New York, New York  10022
(212) 715-9100 (Telephone)

Attorneys for Ad Hoc Committee of Class 7
Debtholders

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____   ○ BK   ○ AP

   If AP, related BK Case Number: _____

Title of Order Appealed:

_____

   Docket Number: _____          Date Entered: _____

Item Transmitted:   ○ Notice of Appeal              ○ Motion for Leave to Appeal
                    ○ Amended Notice of Appeal       ○ Cross Appeal
                    Docket Number: _____        Date Filed: _____

*Appellant/Cross Appellant:                    *Appellee/Cross Appellee

_____               _____

Counsel for Appellant:                         Counsel for Appellee:

_____               _____

_____               _____

_____               _____

_____               _____

_____               _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ○ Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ○ No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ○ No

   If so, has District Court assigned a Civil Action Number?   ○ Yes   ○ No   Civil Action # _____

Additional  Notes:

_____

_____        By: _____
Date                                         Deputy Clerk

_____
                                        FOR USE BY U.S. BANKRUPTCY COURT

Bankruptcy Court Appeal (BAP) Number: _____
7/6/06

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                 :

In re:                             :

       NORTHWESTERN CORPORATION,   :      Case No.: 03-12872 (KJC)

                                   :

       Reorganized Debtor.       :

                                   :
---------------------------------------------------------X

**ORDER PURSUANT TO SECTIONS 105 AND 1142 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 3020 AND 9019, AUTHORIZING AND APPROVING
AMENDED GLOBAL SETTLEMENT AGREEMENT BY AND AMONG
NORTHWESTERN CORPORATION, CLARK FORK AND BLACKFOOT, LLC,
MAGTEN ASSET MANAGEMENT CORPORATION, LAW DEBENTURE TRUST
COMPANY OF NEW YORK, THE PLAN COMMITTEE, PAUL, HASTINGS,
JANOFSKY & WALKER LLP, THE BANK OF NEW YORK,
MICHAEL HANSON AND ERNIE KINDT**

Upon the *Motion of NorthWestern Corporation for an Order, Pursuant to Sections 105
and 1142 of the Bankruptcy Code and Bankruptcy Rules 3020 and 9019, Authorizing and
Approving Settlement Agreement By and Among NorthWestern Corporation, Clark Fork and
Blackfoot, LLC, Magten Asset Management Corporation, Law Debenture Trust Company Of
New York, The Plan Committee, Paul, Hastings, Janofsky & Walker LLP, The Bank of New York,
Michael Hanson and Ernie Kindt* [Docket No. 3676] (the "Motion"),[1] the *Notice of Filing of
Amended and Restated Global Settlement Agreement and Release, Dated May 5, 2008,
Superseding "Exhibit B" to the Motion,* filed by NorthWestern on May 6, 2008 [Docket No.
3705] (the "Amended Global Settlement Agreement"), amending and superseding **Exhibit B** to
the Motion, the *Notice of Filing of Fully Executed Amended Global Settlement Agreement*, filed
by NorthWestern on May 6, 2008 [Docket No. 3711], the *Notice of Filing of Amended Proposed
Order* approving the Motion, filed by NorthWestern on May 6, 2008 [Docket No. 3712],

---

[1]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

amending and superseding **Exhibit A** to the Motion (the "Amended Proposed Order"); and the

Court having considered the *Objection of Ad Hoc Committee of Class 7 Debtholders to the*

*Motion,* filed by the Ad Hoc Committee of Class 7 Debtholders in the Chapter 11 Case (the "Ad

Hoc Committee") on April 1, 2008 [Docket No. 3678] (the "Ad Hoc Committee's Objection"),

*NorthWestern's Reply to the Ad Hoc Committee's Objection,* filed by NorthWestern on May 2,

2008 [Docket No. 3698] ("NorthWestern's Reply"), and the *Joinder of Magten Asset*

*Management Corporation to Reply of NorthWestern Corporation in Opposition to the Objection*

*of the Ad Hoc Committee to the Global Settlement Agreement,* filed by Magten Asset

Management Corporation ("Magten") on May 5, 2008 [Docket No. 3700]; and a hearing on the

Motion having been held before this Court on May 7, 2008 (the "Hearing") to consider the relief

requested in the Motion, as modified by the Amended Global Settlement Agreement and the

Amended Proposed Order, which, after oral argument, was adjourned to July 10, 2008 at which

time the Court issued the Memorandum (defined below); and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan; and the Court

having considered the statements of counsel on the record of the Hearing and the filings of the

parties in connection with the Motion; and it appearing that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this

District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the Hearing;

and consistent with this Court's Memorandum, dated July 10, 2008 [Docket No. 3724] (the

"Memorandum"),  it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1.      **ORDERED,** that the relief requested by the Motion is GRANTED and the

Amended Global Settlement Agreement is approved; and it is further

2.      **ORDERED,** that any and all objections to the Motion that have not been

withdrawn, resolved, waived or settled as reflected on the record of the Hearing, including,

without limitation, the Ad Hoc Committee's Objection, are overruled on the merits; and it is further

3.      **ORDERED**, that the Amended Global Settlement Agreement is approved, and NorthWestern and the other Parties thereto are authorized to perform all of their respective obligations thereunder, and to take any and all actions necessary or appropriate to effectuate consummation of the Amended Global Settlement Agreement and to enforce its terms; and it is further

4.      **ORDERED**, that the entry of this Order shall be deemed a direction by the QUIPS Claimants to the Indenture Trustee, pursuant the QUIPS Indenture, to implement the terms of the Amended Global Settlement Agreement; and it is further

5.      **ORDERED**, that, subject to the terms and conditions of the Amended Global Settlement Agreement, all amounts remaining in the Accumulation Account after the transfer of the Settlement Payment to the Magten Parties, in accordance with this Agreement, shall revert, and be promptly transferred, to the Reserve; and it is further

6.      **ORDERED**, that, subject to the terms and conditions of the Amended Global Settlement Agreement, no Person shall have any Claim against any of the Parties or their counsel or other entity designated by them based on NorthWestern's purchase of the New Common Stock from the Magten Parties or the Distributions made substantially in accordance with the Amended Global Settlement Agreement, this Order, or further order(s) of any court of competent jurisdiction; and it is further

7.      **ORDERED**, that, subject to the terms and conditions of the Amended Global Settlement Agreement, on the Payment Date, and subject to the completion of the Settlement Funding, each of the Parties shall be deemed to have abandoned and withdrawn with prejudice all pending claims, litigations and appeals, including, without limitation, the Litigations, and within five (5) Business Days after the Payment Date, and subject to the completion of the

-3-

Settlement Funding, each of the Parties, as appropriate, shall file with the appropriate court all notices and other documents that may be reasonably necessary to request or effectuate the dismissal with prejudice of such actions, including, for the Litigations, the notices of withdrawal and requests for dismissal with prejudice; and it is further

8.     **ORDERED**, that, subject to the terms and conditions of the Amended Global Settlement Agreement and subject to the occurrence of Payment Date, and subject to the completion of the Settlement Funding, Magten, Law Debenture and the QUIPS Claimants shall be deemed for all purposes to have waived any and all rights they may have under the Plan, including, without limitation, to receive any Distributions under the Plan from the Reserve or on account of any Claims or Interests asserted by any of them in any proof of Claim or Interest filed in the Chapter 11 Case, or to receive any other distribution or payment of any kind from NorthWestern, all proofs of any such Claims or Interests, including, without limitation, Claims assigned numbers 653, 729 and 842, respectively, in the official register of Claims for the Chapter 11 Case, shall be deemed for all purposes to have been automatically withdrawn with prejudice and the Claims Agent shall expunge such Claims from the Claims Register in the Chapter 11 Case; and it is further

9.     **ORDERED**, that all releases, waivers and covenants not to sue contained in the Amended Global Settlement Agreement are hereby authorized and approved in their entirety; and it is further

10.    **ORDERED**, that Law Debenture may reasonably rely on the accuracy and the completeness of information in connection with noticing and making distributions to QUIPS Claimants that it receives from NorthWestern and its agents; provided, however, that neither NorthWestern nor its agents shall have any liability to anyone for the accuracy or inaccuracy of any such information that it provides to Law Debenture nor shall Law Debenture have any

-4-

liability to anyone for reasonably relying on such information provided by NorthWestern and its agents; and it is further

11.    **ORDERED**, that, subject to the terms and conditions of the Amended Global Settlement Agreement, all of the QUIPS Claimants, and each of them, shall be legally bound by the terms of the Amended Global Settlement Agreement; and it is further

12.    **ORDERED**, that subject to any applicable securities laws, NorthWestern is authorized to purchase the Magten Parties Shares that are to be Distributed to the Magten Parties for the benefit of the QUIPS Claimants, in accordance with the terms and conditions of the Amended Global Settlement Agreement, and to take all action to effectuate and consummate such purchase; and it is further

13.    **ORDERED**, that under no circumstances shall the Magten Parties or the QUIPS Claimants, individually or collectively, be entitled to (i) receive any amount pursuant to the Amended Global Settlement Agreement in excess of $23 million, or (ii) have any Claim (as defined in the Plan) against NorthWestern arising out of NorthWestern's purchase of the Magten Parties Shares substantially in accordance therewith; and it is further

14.    **ORDERED**, that to the extent that NorthWestern's Legal Expenses (as defined in the Amended Plan Committee Settlement Agreement), either for (i) itself or (ii) the Plan Committee and BNY, respectively, are less than the minimum respective amounts set forth in Section 1 of the Amended Plan Committee Settlement Agreement, NorthWestern shall refund the difference(s), if any, to the Disputed Claims Reserve dollar-for-dollar for distribution to holders of Class 7 and Class 9 Claims Pro Rata in accordance with Section 17 of the Amended Global Settlement Agreement; and it is further

15.    **ORDERED**, that, subject to the terms and conditions of the Amended Global Settlement Agreement, as soon as reasonably practicable after the Distribution of the Magten Parties Shares is made to the Magten Parties for the benefit of the QUIPS Claimants, and after

NorthWestern's purchase and receipt of the Magten Parties Shares in accordance with Section 1 of the Amended Global Settlement Agreement, and after completion of the Settlement Funding, (i) all New Common Stock remaining in the Reserve and (ii) any and all other assets remaining in the Reserve, including, without limitation, all New Common Stock remaining in the Reserve, plus all accruals of dividends and interest in respect thereof, plus all New Common Stock and accruals of dividends and interest in respect thereof that were previously Distributed under the Plan and returned as undeliverable for any reason, including for the lack of an available forwarding address for the Person(s) entitled thereto, shall be Distributed to Holders of Class 7 and Class 9 Allowed Claims Pro Rata (with Law Debenture, Magten and the other QUIPS Claimants having no right to share in such Distribution, their Claims to be counted at zero for such purposes) in consultation with the Plan Committee and in accordance with the Plan. NorthWestern, in consultation with the Plan Committee who will reasonably cooperate with NorthWestern, shall (i) promptly begin the process of effectuating the foregoing Distribution (the "Final Distribution") after causing the Settlement Funding and (ii) have no liability whatsoever to any Person for any actions or omissions in good faith, absent gross negligence, to effectuate the foregoing Final Distribution. After giving effect to the foregoing sentence, any and all of the Magten Parties' and QUIPS Claimants' rights and interests in the Reserve shall be absolutely and forever extinguished and the QUIPS Reserve shall be terminated; and it is further

16. **ORDERED**, as of the Final Distribution Date, the Plan Committee shall be deemed to be dissolved and its members released of any further duties, responsibilities or obligations concerning the Chapter 11 Case in accordance with Section 1.9 of the Plan Committee's First Amended and Restated By-Laws, dated February 25, 2005, as amended; and it is further

17.    **ORDERED**, that notwithstanding any contrary provision in the Amended Global Settlement Agreement, the Indenture Trustee retains its Indenture Trustee Charging Lien rights as provided for in Section 5.18 of the Plan; and it is further

18.    **ORDERED**, that the Amended Global Settlement Agreement, including any term, condition or other provision therein, may not be waived, modified, amended or supplemented, except as provided in the Amended Global Settlement Agreement; and it is further

19.    **ORDERED**, that the failure to specifically describe or include any particular provision of the Amended Global Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Amended Global Settlement Agreement be authorized and approved in its entirety; and it is further

20.    **ORDERED**, that if there is any inconsistency between the terms of the Motion and the Amended Global Settlement Agreement, the terms of the Amended Global Settlement Agreement shall control, and if there is any inconsistency between the terms of this Order and the Amended Global Settlement Agreement, the terms of this Order shall control; and it is further

21.    **ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Amended Global Settlement Agreement.

Dated:  July 14, 2008

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE