IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : |
| | : Case No. 03-12872 (KJC) |
| Reorganized Debtor. | : |
| | : |
| AD HOC COMMITTEE OF CLASS 7 CREDITORS, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 08-513-JJF |
| | : |
| NORTHWESTERN CORPORATION, OFFICIAL PLAN COMMITTEE, MAGTEN ASSET MANAGEMENT, and LAW DEBENTURE, | : |
| | : |
| Appellees. | : |

Phillip Bentley, Esquire and Kristina Wesch, Esquire of KRAMER LEVIN NATFALIS & FRANKEL LLP, New York, New York.
Adam G. Landis, Esquire and Rebecca L. Butcher, Esquire of LANDIS RATH & COBB LLP, Wilmington, Delaware.

Attorneys for Appellant.

Steven J. Reisman, Esquire; Nancy E. Delaney, Esquire and Jerrold L. Bregman, Esquire of CURTIS, MALLET-PREVOST, COLT & MOSLE LLP, New York, New York.
Victoria Watson Counihan, Esquire and Dennis A. Meloro, Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.

Attorneys for Reorganized Debtor, Northwestern Corporation.

**MEMORANDUM OPINION**

August 4, 2009
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court is an appeal filed by Appellant, the Ad Hoc Committee of Class 7 Creditors, of the July 14, 2008 Order of the Bankruptcy Court approving the global settlement agreement among NorthWestern Corporation; Clark Fork and Blackfoot, LLC; Magten Asset Management Corporation; Law Debenture Trust Company of New York; The Plan Committee; Paul, Hastings, Janofsky & Walker LLP; The Bank of New York; Michael Hanson and Ernie Kindt (the "Settlement Order"). For the reasons discussed, the Court will affirm the Settlement Order.

I.    **PARTIES' CONTENTIONS**

    By its appeal, Appellant contends that the Bankruptcy Court erred as a matter of law in approving the global settlement which provides NorthWestern with a $4 million fee reimbursement at the expense of the Disputed Claims Reserve. Appellant contends that the Settlement Order contravenes the express terms of NorthWestern's Second Amended and Restated Plan of Reorganization Under Chapter 11 (the "Plan") which provides that legal fees are the sole responsibility of NorthWestern for all matters relating to its Chapter 11 case and that any surplus remaining in the Disputed Claims Reserve would be distributed to the holders of allowed claims rather than to NorthWestern. In making its argument, Appellant acknowledges that the Disputed Claims Reserve

does not make any direct payments to NorthWestern under the Amended Global Settlement. However, Appellant contends that the same result is indirectly achieved by using other settling parties as intermediaries to pass the fee reimbursement funds on to NorthWestern. Because this results in a modification of the Plan after consummation, Appellant contends that the Settlement Order must be reversed.

In response, NorthWestern contends that this matter is equitably moot, because Appellant never sought a stay of the Bankruptcy Court's Settlement Order. In this regard, NorthWestern points out that the settlement funds have been disbursed and almost all of the Disputed Claims Reserve has been distributed. Because the settlement is closed and fully consummated, NorthWestern contends that there is no relief available for Appellant, and therefore, this appeal should be dismissed. Alternatively, NorthWestern contends that it never received any funds from the Disputed Claims Reserve, and therefore, the global settlement did not violate and/or modify the Plan.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and

a plenary standard to its legal conclusions.[1] With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"[2] The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance.[3]

### III. DISCUSSION

"Under the doctrine of equitable mootness, an appeal should be dismissed, even if the court has jurisdiction and could fashion relief, if the implementation of that relief would be inequitable."[4] The determination of whether an appeal is equitably moot requires a "discretionary balancing of equitable

---

[1] See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

[2] Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).

[3] In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

[4] In re Continental Airlines ("Continental II"), 203 F.3d 203, 209 (3d Cir. 2000).

and prudential factors."[5] Specifically, the Court of Appeals for the Third Circuit has recognized five factors that courts should consider in evaluating whether an appeal should be dismissed under the doctrine of equitable mootness:

> (1) whether the reorganized plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of parties not before the Court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality of bankruptcy judgments.[6]

Applying these factors here, the Court concludes that Appellant's appeal is equitably moot. In this case, both the Plan and the settlement have been substantially consummated, and Appellant never requested a stay of the Settlement Order. The settlement was a complex and integrated resolution of the many claims involving the parties, and the Court is not persuaded that relief can be granted to Appellant without causing adverse consequences to numerous parties, including general unsecured creditors not before the Court who are still awaiting distributions under the Plan, and whose distributions would be further delayed if the settlement were unwound. Accordingly, in these circumstances, the Court concludes that the Appellant's appeal is equitably moot.

In the alternative, however, even if the Court reaches the merits of the parties' dispute, the Court agrees with the

---

[5] In re Continental Airlines ("Continental I"), 91 F.3d 553, 560 (3d Cir. 1996).

[6] Continental I, 91 F.3d at 560.

Bankruptcy Court that the global settlement does not violate the Plan and satisfies the criteria for approval under Bankruptcy Rule 9019.  As the Bankruptcy Court noted, under the settlement, NorthWestern does not receive any payments from the Disputed Claims Reserve.  Rather, those payments are made to NorthWestern by certain third party insurers, and such payments are not prohibited by the Plan.

**IV. CONCLUSION**

For the reasons discussed, the Court will dismiss Appellant's appeal, or alternatively, affirm the July 14, 2009 Order of the Bankruptcy Court.

An appropriate Order will be entered.